UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| NASIR UDDIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 4:15-cv-02067-MHH-JHE |
| ) | |
| WARDEN SCOTT HASSELL, et al., ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION**

On November 16, 2015, petitioner Nasir Uddin filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). When he filed his petition, Mr. Uddin, a native of Bangladesh, was incarcerated at the Etowah County Detention Center, in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"). In his petition, Mr. Uddin alleges that he is being illegally detained by ICE pending his deportation to Bangladesh. He seeks release from ICE custody. On February 9, 2016, Mr. Uddin was released from ICE custody pursuant to an Order of Supervision. (Doc. 11, 11-1). Respondents have filed a motion to dismiss the action as moot because Mr. Uddin no longer is in ICE custody. (Doc. 11). For the reasons stated below, the Court grants the motion and will dismiss the action as moot.

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "cases or controversies." U.S. CONST. art. III, § 2. The doctrine of mootness is derived from this limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). A case is moot and must be dismissed if a court can no longer provide "meaningful relief." *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citations omitted). The Court can no longer provide meaningful relief in this case because Mr. Uddin no longer is in ICE custody – the very relief that he requested in his habeas petition. Therefore, Mr. Uddin's petition is moot, and the Court must dismiss the petition unless an exception to the mootness doctrine applies.

There are two exceptions to the mootness doctrine: (1) collateral consequences and (2) "capable of repetition yet evading review." *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Neither exception applies here. The collateral consequences exception does not apply because there are no "disabilities or burdens which may flow" from the custody that Mr. Uddin challenges. *See Carafas*, 391 U.S. at 237. The exception for events "capable of repetition, yet evading review" does not apply either. Mr. Uddin has been released from custody, and it is unlikely that the circumstances that gave rise to Mr. Uddin's custody will happen again. *See Weinstein v. Bradford*,

423 U.S. 147, 149 (1975) (holding that the "capable of repetition, yet evading review" exception applies when (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again.).  Because Mr. Uddin's petition is moot, the Court will dismiss this action.

Based on the foregoing, the Respondents' motion to dismiss, (Doc. 11), is **GRANTED**.  A separate order will be entered.

**DONE** and **ORDERED** this February 25, 2016.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE